Mr. Maurice Smith Director, Arkansas State Highway and Transportation Department P.O. Box 2261 Little Rock, AR 72203
Dear Mr. Smith:
This is in response to Chief Counsel Robert L. Wilson's request for an opinion regarding Act 910 of 1991, which is codified at A.C.A. § 26-52-420 (Cum. Supp. 1991). This act provides, in relevant part, that gross receipts or gross proceeds from the sale of new motor vehicles purchased with Urban Mass Transit Administration funds will be exempt from Arkansas gross receipts and compensating use taxes, and all other state and local sales and use taxes, if certain requirements are met. You have set forth the following set of facts as forming the basis for your questions:
 Each year the Office of State Purchasing solicits bids and announces successful bidders' names for the purchase of these types of vehicles, which vehicles meet or exceed written specifications for those classes of vehicles as prescribed in the state purchasing law and regulations promulgated pursuant to that law.
 The Department, over the course of several months thereafter, then purchases a number of vehicles through the Office of State Purchasing from the successful bidder or bidders. All of such vehicles are used for transportation under the Department of Human Service's programs for Aging, Disabled, Mentally Ill, and Children and Family Services. These vehicles are generally purchased in lots of ten (10) vehicles or more at fleet price from the manufacturer bidder. However, due to the fact that each vehicle is immediately delivered to the private non-profit provider with certificate of title appropriately worded, each vehicle is purchased by the Department as a single unit by individual purchase order through the Office of State Purchasing. On occasion, the Department may purchase a lot of less than 10 vehicles, however, over the period of several months of purchasing by the Department (normally at the beginning of a new vehicle model year), the Department ultimately purchases at least 10 each of the three types of vehicles meeting or exceeding the state specifications.
Your specific questions in this regard are as follows:
 1) Whether the motor vehicles purchased by the Department by single unit and individual purchase order through the State Purchasing Office from the manufacturer at fleet price meet the requirements of Section 1(a) of Act 910 of 1991 if such purchases exceed 10 or more of the same type of vehicles when such single purchase orders in total exceed 10 or more vehicles and when submitted to the Office of State Purchasing simultaneously as a group? and;
 2) Whether the motor vehicles purchased by the Department by single unit and individual purchase order through the State Purchasing Office from the manufacturer at fleet price meet the requirements of Section 1(a) of Act 910 of 1991 if such total purchases exceed 10 or more of the same type of vehicles over a period of several months and are purchased from the same successful bidder for that model year as such bidder is announced by the Office of State Purchasing?
It is my opinion, in response to both of these questions, that the manner or time frame in which payment and delivery are made is not necessarily dispositive. Section 1(a) of Act 910, codified at A.C.A. § 26-52-420(1) (Cum. Supp. 1991), states that the vehicles must be ". . . purchased in lots of ten (10) vehicles or more and therefore are sold at fleet price by the manufacturer." The term "lot" is defined in Black's Law Dictionary (5th ed. 1979) as "[a] number of associated persons or things taken collectively." Black's at 853. The definition of "lot" inWebster's Seventh New Collegiate Dictionary (1972) includes "a number of units of an article or a parcel of articles offered as one item. . . ." Webster's at 500. The term "purchase" means the [t]ransmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration." Black's, supra at 1110. It also includes "any contract to purchase or otherwise acquire." Id.
With regard to your first question, the fact that the vehicles are purchased by individual purchase order would not appear to be dispositive where there is a collective group of vehicles numbering ten (10) or more, with the vehicles purchased by the Department at the manufacturer's fleet price. The mere fact that the vehicles are paid for separately would not, in my opinion, constitute a basis for denying the exemption.
A question does arise, however, under your second inquiry, if there was no agreement to purchase in lots of ten (10) or more. You have not indicated what type of agreement was entered with the successful bidder as regards these vehicles. If the Department contracted to purchase, during the term of the agreement, a minimum of ten vehicles, i.e., ten (10) or more, at the fleet price, the fact that payment and delivery were made over a period of several months would not remove this purchase from the exemption. It is my opinion that the vehicles would, in that instance, be "purchased in lots of ten (10) . . . or more" at fleet price, for purposes of § 26-52-420. If, however, there was no obligation on the part of the Department to purchase that quantity of vehicles, it must be concluded that one of the requirements of this provision has not been met.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh